UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAHAR SAREMINAEINI,

Plaintiff,

v.

KRISTI NOEM, et al.,

Defendants.

Case No.  25-cv-09238-LJC

**ORDER DENYING MOTION TO STAY, CONTINUING DEADLINE TO ANSWER, AND SETTING CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 7

Defendants moved to stay this immigration mandamus action to allow time for them to develop policy guidance related to a new policy requiring further review of applications brought by individuals from certain countries that the Government has deemed "high-risk," including Plaintiff's home country of Iran.  ECF No. 7.  In this Court's view, the question of whether Defendants' new policy might justify further delay in adjudicating Plaintiff's application for naturalization is sufficiently intertwined with the merits of her claims for unreasonable delay that it is best addressed in that context, rather than as a reason to put off consideration of those claims. The Court also finds persuasive Judge Tigar's order denying a similar motion to stay in another case because "[t]here is no assurance that Defendants' position concerning Plaintiff's case will be settled in 90 days, or at any other particular time," and because the new policy allows exceptions for claims in litigation.  *Eksiri v. Noem*, No. 25-cv-06206-JST, ECF No. 16 (N.D. Cal. Jan. 20, 2026).  Defendants' Motion to Stay is therefore DENIED, without prejudice to any argument Defendants might raise on the merits regarding the relevance of new policies to the reasonableness of the time Defendants have taken to adjudicate Plaintiff's application.[1]

---

[1] The Court also notes that the further policy guidance Defendants anticipated within ninety days of the December 2, 2025 Policy Memorandum should have been issue by March 2, 2026.  It is not

United States District Court
Northern District of California

United States District Court
Northern District of California

During the briefing and the Court's review of this matter, Defendants have nevertheless effectively obtained most of the relief sought by their Motion, which requested a "stay of this matter until April 9, 2026." ECF No. 7 at 5. Formally, the deadline for Defendants to answer or otherwise respond to the Complaint has likely expired, though it is not entirely clear when Defendants were served and thus when that sixty-day deadline began to run. *See* ECF No. 5. Defendants did not seek or obtain expedited interim relief staying that deadline while the Court considered their motion, so Plaintiff likely could have sought entry of Defendants' default. Doing so now, however, would serve little purpose—so long as Defendants are prepared to proceed with the case, they would almost certainly succeed in setting aside any such default.

The Court therefore continues the deadline for Defendants to answer or otherwise respond to April 3, 2026, and sets a case management conference for April 16, 2026 at 1:30 PM to set further deadlines. The parties shall file a joint case management statement no later than April 9, 2026.[2]

**IT IS SO ORDERED.**

Dated: March 20, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

clear if it has been issued, or if the ongoing lapse in funding for the Department of Homeland Security has affected the schedule. The Court's understanding is that USCIS is largely funded by application fees and continues much of its work during a lapse in appropriations. *See* USCIS, "Budget, Planning and Performance," https://www.uscis.gov/about-us/budget-planning-and-performance [https://perma.cc/Y6E5-HHSJ]. Either way, however, this case will proceed.

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).