UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAHAR SAREMINAEINI,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

Case No. 25-cv-09238-LJC

**ORDER DENYING MOTION TO DISMISS AND SETTING CASE SCHEDULE**

Re: Dkt. No. 16

## I.    INTRODUCTION

Plaintiff Sahar Sareminaeini brings this action against several senior government officials[1] seeking to compel adjudication of her Form N-400 application for naturalization, which has been pending since April 29, 2024. Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 16. The Court previously found this matter suitable for resolution without oral argument and vacated the hearing. ECF No. 26. For the reasons discussed below, Defendants' Motion is DENIED.[2]

The case management conference previously set for July 2, 2026 is VACATED. Defendants shall file an answer no later than July 14, 2026. Additional deadlines for cross-motions for summary judgment are set forth below.

//

//

---

[1] Defendants Kristi Noem and Pamela Bondi have since been replaced by Markwayne Mullin and Todd Blanche as Secretary of Homeland Security and Acting Attorney General, respectively. Those Defendants are automatically substitute pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The parties have consented to proceed before a magistrate judge for all purposes under 28 U.S.C. § 636(c).

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    BACKGROUND

Plaintiff filed this action on October 27, 2025, seeking to compel Defendants to adjudicate her petition for naturalization filed on April 29, 2024. *See* Compl. (ECF No. 1) ¶¶ 3, 16. As of the date of her Complaint, and apparently through the briefing of Defendants' Motion, Defendants have not yet scheduled Plaintiff's interview, which is a necessary step towards resolution of her application. *See id.* ¶ 3. Plaintiff brings claims under the Administrative Procedures Act (APA) and the Mandamus Act. *Id.* ¶¶ 27–34.

Defendants raise three arguments for dismissal: (1) that the Court should decline to review the Executive Branch's national security and public safety decisions, as reflected in U.S. Citizenship and Immigration Services (USCIS) Policy Memorandum 602-0192, to hold adjudication of immigration benefit applications submitted by nationals of certain countries, ECF No. 16 at 5–7; (2) that Plaintiff lacks standing to bring her claim because of that policy memorandum, *id.* at 7–8; and (3) that the Administrative Procedures Act does not provide jurisdiction for Plaintiff's challenge because the timing of addressing naturalization applications prior to an applicant's interview is committed to agency discretion, *id.* at 8–9.

Since Defendants' Motion was filed and briefed, the District of Rhode Island issued an order vacating the policy memorandum Defendants invoke here, as well as related subsequent policies. *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, __ F. Supp. 3d __, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026). Though USCIS has appealed that order, it has not been stayed by either the District of Rhode Island or the First Circuit. The Court takes judicial notice of USCIS's acknowledgement that the policy memoranda "should be treated as if they are not in effect." USCIS, "Court Order on Hold Policies," https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies [https://perma.cc/GJ37-QKLA].

In a recent Case Management Statement, Defendants appear to acknowledge that *Dorcas*'s vacatur of the policy memorandum undercuts the first two of Defendants' three arguments for dismissal, asserting only that "that the Motion to Dismiss also contains an argument that the APA does not confer jurisdiction over Plaintiff's claims." ECF No. 29 at 2. The Court's analysis here

2

is thus limited to that third argument.

## III.    LEGAL STANDARD

Federal district courts have limited subject matter jurisdiction and may only hear cases falling within that jurisdiction.  A defendant may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A challenge to subject matter jurisdiction may be facial of factual, with the former limited to review of the plaintiff's complaint, and the latter based on extrinsic evidence.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Defendants offer extrinsic evidence here only with respect to their arguments regarding the since-vacated policy memorandum.  ECF No. 16-1.  The surviving argument regarding agency discretion does not address any extrinsic evidence, and the Court therefore construes it as a facial challenge to subject matter jurisdiction.   The standard of review for a facial challenge to jurisdiction is substantially identical to the standard for a motion to dismiss under Rule 12(b)(6), where the Court takes as true factual allegations in a plaintiff's complaint.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  In any event, the facts here are not in dispute.  Defendants' argument turns on the purely legal question of whether a plaintiff can challenge undue delay in adjudicating a naturalization application prior to the applicant's interview (at which point a specific statutory 120-day deadline begins pursuant to 8 U.S.C. § 1447(b)).

Defendants' surviving argument, that Plaintiff cannot seek relief under the APA because pace of adjudication is a matter of agency discretion not subject to any meaningful standard of judicial review, might not properly be considered a question of jurisdiction.  "[T]he requirements for obtaining relief under the APA go to the merits, not to subject matter jurisdiction." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citing *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)).  But the relevant analysis would not differ if the Court were to construe Defendants' Motion as seeking dismissal for failure to state a claim under Rule 12(b)(6) instead of dismissal pursuant to Rule 12(b)(1).  Thus, the Court need not resolve whether Defendants' Motion invokes the correct subpart of Rule 12(b).

United States District Court
Northern District of California

**IV.    ANALYSIS**

Through the APA, Congress recognized the necessity of timely administrative decisions by requiring an agency to "within a reasonable time . . . proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).  The APA thus authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).[3]  Though Defendants are correct that they have some discretion in how to sequence and consider immigration benefit applications, "this discretion does not excuse USCIS from its mandatory obligation to adjudicate . . . applications at some point. Thus, the discrete agency action of adjudicating . . . applications still falls within the ambit of the APA, which vests jurisdiction in the federal courts to review agency actions for 'unreasonable delay.'"  *Pichkurova v. L.A. Asylum Off.*, No. 8:24-02811 ADS, 2025 WL 1723159, at *4 (C.D. Cal. May 7, 2025) (addressing asylum applications).

The Immigration and Nationality Act (INA) sets a deadline of 120 days after an applicant's interview before a district court may take jurisdiction of the application and resolve the matter itself or remand it to USCIS "with appropriate instructions."  8 U.S.C. § 1447(b).  The INA does not, however, set a specific deadline for USCIS to schedule the interview after an application is filed.  Defendants therefore argue that any delay prior to the interview is not justiciable under the APA.

As Defendants note, at least once district court decision has held that the pre-interview pace of adjudication of naturalization applications is vested to agency discretion and lacks any "meaningful standard against which to judge the agency's exercise of discretion."  *Lee v. Garland*, No. 22-cv-176 TWR (AHG), 2022 WL 14890203, at *4 (S.D. Cal. Oct. 25, 2022) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).[4]  The Supreme Court in *Heckler* addressed decisions by the Food and Drug Administration not to institute certain enforcement proceeding,

---

[3] Plaintiff also brings a claim under the mandamus statute, 28 U.S.C. § 1361.  "Because mandamus relief and relief under the APA are 'in essence' the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only."  *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up).

[4] Plaintiff's counsel, in an apparent dereliction of professional responsibility, cites no caselaw whatsoever in her opposition brief.  *See generally* ECF No. 20.

United States District Court
Northern District of California

which the Court determined fell within that agency's discretion and lacked any standard for judicial review. *See Heckler*, 470 U.S. at 831–38. It did not address the APA's own standard for "unreasonabl[e] delay," 5 U.S.C. § 706(1), which courts apply routinely to consider challenges to the pace of administrative procedures both within and beyond the context of immigration applications. *See, e.g.*, *Yousefisahi v. Edlow*, No. 25-cv-09728-LJC, 2026 WL 1388704, at *4–6 (N.D. Cal. May 18, 2026) (this Court's recent denial of a motion to dismiss an unreasonable delay claim addressing an I-485 application to adjust status to permanent residence).[5] In cases challenging pace of adjudication, the "APA itself provides the appropriate standard of review ('unreasonable delay')." *Sidhu v. Chertoff*, No. 1:07-CV-01188 AWI SMS, 2008 WL 540685, at *7 (E.D. Cal. Feb. 25, 2008) (denying a motion to dismiss a case seeking to compel adjudication of a naturalization application).

This Court finds *Lee* unpersuasive. The Court instead follows "the panoply of cases— going back nearly two decades—holding that claims alleging unreasonable delay of naturalization applications are cognizable." *Delgosha v. Mullin*, No. 26-cv-00287-TSH, 2026 WL 1762695, at *11 n.6 (N.D. Cal. June 18, 2026) (collecting cases). "USCIS has a duty to adjudicate a naturalization application," and district courts therefore "have subject matter jurisdiction over a claim for unreasonable delay under the APA to compel adjudication of a naturalization application." *Abdulmajid v. Arellano*, No. CV 08-796-GHK VBKX, 2008 WL 2625860, at *4 (C.D. Cal. June 27, 2008).

Defendants' Motion to Dismiss is therefore DENIED.

## V.   CASE MANAGEMENT SCHEDULE

The parties filed a case management statement. ECF No. 29. The Court finds the matters addressed therein suitable for resolution without a case management conference, and sets a schedule as follows.

Defendants seek a deadline of fourteen days after an order denying the Motion to Dismiss

---

[5] Defendants have not here invoked the jurisdiction-stripping statute that the Court addressed in *Yousefisahi*. If they had, the Court would find that statute inapplicable for the same reasons discussed in that case.

to file an answer, and forty-five days after such an order to file a motion for summary judgment. *Id.* at 4, § 17.  Plaintiff seeks an order requiring "USCIS to schedule a naturalization interview within 21 days of any order on the Motion to Dismiss," and to fully adjudicate her application within 30 days thereafter.  *Id.*  Neither party anticipates a need for discovery.  *Id.* at 3, § 8.

Plaintiff has not filed any motion for the sort of injunctive relief that she seeks, nor presented evidence that she is entitled to relief on the merits of her claims.  The Court therefore sets the following deadlines for Defendants' answer and motions to resolve the case on its merits:

July 14, 2026: Defendants' answer.

July 28, 2026: Defendants' motion for summary judgment,

August 4, 2026: Plaintiff's opposition and cross-motion for summary judgment.[6]

August 11, 2026: Defendant's opposition and reply.

August 18, 2026: Plaintiff's reply.

September 1, 2026: Hearing at 1:30 PM in Courtroom G.

Each brief shall not exceed twenty-five pages, except that Plaintiff's reply shall not exceed fifteen pages.

Neither party anticipates that a trial will be necessary.  ECF No. 29 at 4, § 18.  The parties are directed to meet and confer to determine whether both parties are willing to waive any right they may have to a trial, and instead stipulate to the Court resolving their forthcoming cross-motions as a trial on the papers.  Such a stipulation would permit the Court to weigh evidence, evaluate witnesses's credibility, and/or resolve conflicting inferences if the case cannot be resolved based on the standard for summary judgment.  The decision of whether to enter such a stipulation is entirely up to the parties, but if they choose to do so, they should file their stipulation by July 14, 2026.

//

//

---

[6] The Court has set a deadline of only one week after Defendant's motion for this filing based on Plaintiff's desire for a prompt resolution of this case.  The Court would grant a request for additional time for this brief if needed, which should be presented as a stipulation and proposed order if the parties can agree on a schedule.

United States District Court
Northern District of California

## VI.    CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is DENIED.  The case management conference previously set for July 2, 2026 is VACATED, and the parties shall proceed in accordance with the schedule set forth above.

**IT IS SO ORDERED.**

Dated: July 1, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

7